Harper, J.
The law on the subject of advancements, applies only to cases of intestacy: the question of satisfaction of a legacy may arise when there is a will. But we understand that the legatees, who have been advanced, in this qase, consent to bring in, and account for their advancements, in analogy to the case of distribution under an intestacy. We have doubted, whether we ought to take cognizance of the point thus made. 'As the bringing in of the advancements depended on the consent and agreement of the parties, it was for them to prescribe the terms of their consent, and they ought to have made the agreement complete. As it is easy, however, to reach the justice of the case, we shall proceed to give an opinion.
In cases-of intestacy, under the act of 1791, advancements are to be estimated as of the time of the intestate’s death. The distributees, who have been advanced, are regarded as having received so much on account of their distributive shares, at the time of the death ; and when a settlement is to be made, at a subsequent period, with the other distributees, who have received nothing, it is fair and equal that interest should be estimated on the amounts received by the advanced distributees, from the time when they are supposed to have received them. They have had the use of these amounts in the mean time. An intestate’s estate is distributable as of the time of his death ; and we may suppose the statute to be founded on an equity of this sort. ' The children who remain in the family of the father are supported by him. Advancements are made to those who leave his family, for the purpose of their support. Up to the time of the death, advantages are equal; both have received a support from the father's estate, and the advancements are estimated as having been made when the estate became distributable.
By the will in question, the testator’s estate was distributable when his son, Noel King, should arrive at the age of eighteen years; and, in the mean time the use of it, was given to such of his family as should continue to reside with his wife. This was equivalent to the use of the advancements by those of the children, who did not constitute a part of the wife’s family. By natural equity, and fair analogy to the case of intestacy, I think the advancements ought to *156 have been estimated as of the time, when the estate was distributa- * ble ; that is, when Noel King arrived at the age of eighteen years: an^ ^at interest ought to have been calculated only from that time, And it is ordered and decreed, that the decree of the Chancellor be moclifxeii accordingly.
O’Neall, J., concurred.
Johnson, J., absent from indisposition.
Decree modified.